UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. JACQUES, | No. 2:23-cv-02714 DB P |
| Plaintiff, | |
| v. | ORDER |
| C. HEARN, | |
| Defendant. | |

    Plaintiff, a state prisoner, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed an in forma pauperis affidavit ("IFP") in which he states he is not employed and has not received money from other sources over the last twelve months. (ECF No. 2 at 1.) The IFP affidavit indicates plaintiff has no other assets. (Id. at 2.) The affidavit was signed on November 2, 2023. (Id.) The complaint was constructively filed on November 2, 2023. (See ECF No. 1 at 10 & 18.)

    On December 1, 2023, plaintiff's prisoner trust fund account statement was filed for the time period covering June 1, 2023, to December 1, 2023. (ECF No. 4.) The trust fund account statement indicates plaintiff received "TRACS TRANSFER" funds in the amount of $2,012.76 on October 13, 2023. (Id. at 3.) On November 2, 2023, the date on which plaintiff signed the IFP affidavit and constructively filed the complaint, plaintiff's trust account statement was $2,297.63. (Id.)

In order to commence an action, a plaintiff must file a complaint as required by Rule 3 of the Federal Rules of Civil Procedure, and must either pay both the $350.00 filing fee and the $55.00 administrative fee for a civil action, or file an application requesting leave to proceed in forma pauperis.[1] See 28 U.S.C. §§ 1914(a), 1915(a). The court may authorize the commencement of an action "without prepayment of fees or security therefor" by an individual who submits an affidavit evidencing an inability to pay such fees or give security therefor. 28 U.S.C. § 1915(a). Plaintiff has made an inadequate showing of indigency based on the prisoner trust fund account statement.

The information before the court indicates plaintiff was able to pay the court costs and was not entitled to IFP status on the day he signed the IFP affidavit and constructively filed the complaint. The court will therefore deny plaintiff's IFP application without prejudice. Plaintiff will be granted twenty-one (21) days in which to submit the appropriate court fees to the Clerk of the Court.

In the alternative, plaintiff may clarify his financial condition and attempt to demonstrate financial hardship in a renewed IFP application. If plaintiff does not pay the court fees and elects to renew the application to proceed IFP, then plaintiff must also provide additional information concerning the "TRACS TRANSFER" funds in the amount of $2,012.76, received on October 13, 2023, and not disclosed on the prior IFP affidavit.

Plaintiff is cautioned that failure to either pay the court fees in full or adequately explain why the incoming funds were not disclosed on the prior IFP affidavit will result in a recommendation that this case be dismissed without prejudice.

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's application for leave to proceed in forma pauperis (ECF No. 2) is denied without prejudice.

////

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the $350.00 filing fee but will be allowed to pay it in installments. Litigants proceeding in forma pauperis are not required to pay the $55.00 administrative fee.

2. The Clerk of Court is DIRECTED to send plaintiff a blank application to proceed in forma pauperis.

3. Within twenty-one (21) days from the date of this order, plaintiff shall submit the appropriate filing fee plus administrative fee or a properly completed application to proceed in forma pauperis along with information about the funds received on October 13, 2023.

Dated:  June 13, 2024

                                                DEBORAH BARNES
                                                UNITED STATES MAGISTRATE JUDGE

DLB7
jacq2714.3b.new