UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. JACQUES, | No.  2:23-cv-02714 SCR P |
| Plaintiff, | |
| v. | ORDER |
| C. HEARN, | |
| Defendant. | |

Plaintiff, proceeding without counsel while confined at Salinas Valley State Prison, filed this civil rights action concerning events that took place at Mule Creek State Prison. (ECF No. 1.) Plaintiff also filed an in forma pauperis affidavit ("IFP") in which he stated he was unable to pay the court costs and had not received money from other sources over the last twelve months. (ECF No. 2 at 1.)

On June 13, 2024, the magistrate judge previously assigned to this case denied plaintiff's application to proceed IFP, finding plaintiff was able to pay the court costs and was not entitled to IFP status on November 2, 2023, the day on which he signed the IFP affidavit and constructively filed the complaint. (ECF No. 6 at 2.) To the contrary, plaintiff's trust account statement indicated the account contained $2,297.63 on that date. (Id. at 1.) It was specifically noted that plaintiff had received "TRACS TRANSFER" funds in the amount of $2,012.76 on October 13, 2023, which

were not disclosed on the IFP affidavit. (Id.) Plaintiff was ordered to either submit the appropriate court costs to the Clerk of the Court, or "clarify his financial condition and attempt to demonstrate financial hardship in a renewed IFP application" along with an explanation why the incoming funds were not disclosed on the IFP affidavit (Id. at 3.)

Plaintiff has responded to the court's order explaining why the incoming "TRACS TRANSFER" funds were not disclosed on the IFP affidavit signed on November 2, 2023. (ECF No. 7.) Plaintiff states he was unaware of the funds. (Id. at 1.) Plaintiff additionally states he had received and relied on a statement report dated September 12, 2023, which did not reflect the credits at issue. (Id.)

In order to commence an action, a plaintiff must either pay both the $350.00 filing fee and the $55.00 administrative fee for a civil action or be granted leave to proceed IFP.[1] See 28 U.S.C. §§ 1914(a), 1915(a). The court may authorize the commencement of an action "without prepayment of fees or security therefor" by an individual who submits an affidavit evidencing an inability to pay such fees or give security therefor. 28 U.S.C. § 1915(a).

"An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948)). While § 1915(a) does not require a litigant to demonstrate "absolute destitution," Adkins, 335 U.S. at 339, the applicant must nonetheless show inability to pay the fees. 28 U.S.C. § 1915(a). A district court has broad discretion to grant or deny a motion to proceed IFP. O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990). "[P]ermission to proceed in forma pauperis is itself a matter of privilege and not right[.]" Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984), abrogated on other grounds by Neitzke v. Williams, 490 U.S. 319 (1989).

The undersigned will accept plaintiff's explanation that plaintiff was not aware of the trust account deposits at issue when he signed the IFP affidavit and constructively filed the complaint.

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the $350.00 filing fee but will be allowed to pay it in installments. Litigants proceeding in forma pauperis are not required to pay the $55.00 administrative fee.

Accepting plaintiff's explanation, the undersigned will not recommend that this case be dismissed for an untrue allegation of poverty. See Escobedo v. Applebees, 787 F.3d 1226, 1235 n.8 (9th Cir. 2015) ("To dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy.").

However, plaintiff has made an inadequate showing of indigency. Plaintiff must pay the court costs in order to proceed with this case. Plaintiff is cautioned that failure to pay the court costs will result in a recommendation that the application to proceed in forma pauperis be denied and this action be dismissed without prejudice.

For the reasons set forth above, IT IS HEREBY ORDERED that, within 30 days from the date of this order, plaintiff shall submit the court costs in the amount of $405 in order to proceed with this action.

DATED: October 15, 2024

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE