UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. JACQUES,<br><br>    Plaintiff,<br><br>  v.<br><br>C. HEARN,<br><br>    Defendant. | No. 2:23-cv-02714-DJC-SCR (P)<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel, brought this action pursuant to 42 U.S.C. § 1983 on November 20, 2023. (ECF No. 1.) Plaintiff filed an application to proceed *in forma pauperis* ("IFP") that same day. (ECF No. 2.) Plaintiff's IFP application was denied without prejudice on June 13, 2024, and Plaintiff was ordered to either submit the appropriate court costs to the Clerk of the Court, or clarify her financial condition and attempt to demonstrate financial hardship in a renewed IFP application along with an explanation why her funds received on October 13, 2023, were not disclosed on the IFP affidavit. (ECF No. 6.) Plaintiff responded and explained why the funds were not disclosed. (ECF No. 7.) However, the Magistrate Judge determine Plaintiff made an inadequate showing of indigency. (ECF No. 9.) Thus, Plaintiff was ordered to pay the filing fee and administrative fee within 30 days. (*Id.*)

////

1    Plaintiff failed to do so.  Accordingly, on November 22, 2024, the Magistrate
2 Judge filed Findings and Recommendations recommending this case be dismissed
3 due to Plaintiff's failure to pay the filing fee. (ECF No. 10.) The Findings and
4 Recommendations contained notice to all Parties that any objections were to be filed
5 within 21 days. (*Id.*) No objections were filed.  On January 17, 2025, the District
6 Judge adopted the Findings and Recommendations in full and dismissed the case
7 without prejudice. (ECF No. 11.) Judgment was entered on January 21, 2025. (ECF
8 No. 12.)
9    On February 16, 2025, Plaintiff filed a Motion for Reconsideration. (ECF No.
10 13.) Therein, Plaintiff explained that she had prepared a Motion to Stay in response to
11 the Magistrate Judge's Findings and Recommendations and had given the Motion to
12 prison staff to mail on her behalf, but believed prison staff never actually mailed the
13 Motion. (*Id.* at 1–2.) Plaintiff further explained that she was limited in her law library
14 access at the prison, which prevented her from researching and properly objecting to
15 the Findings and Recommendations. (*Id.* at 2.) Finally, Plaintiff stated that she
16 believed she had "paid this case in full," and had requested documentation from the
17 Court's financial department to provide evidence of said payment. (*Id.* at 2–3.) Thus,
18 Plaintiff asked the Court to reconsider its dismissal.  Plaintiff re-filed the same Motion
19 for Reconsideration on May 2, 2025. (ECF No. 14.)
20    Courts evaluate a motion for reconsideration after judgment under either
21 Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or 60(b)
22 (relief from judgment). *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th
23 Cir. 1993). A motion for reconsideration "is treated as a motion to alter or amend
24 judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within ten days
25 of the entry of judgment. Otherwise it is treated as a Rule 60(b) motion for relief from
26 judgment or order." *Am. Ironworks & Erectors, Inc. v. North Am. Constr. Corp.*, 248
27 F.3d 892, 898–99 (9th Cir. 2001). As Plaintiff's Motion for Reconsideration was filed
28 more than 10 days after entry of judgment, the Court will analyze it under Rule 60(b).

Rule 60(b) provides relief from a final judgment, order, or proceeding when a party shows: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  Relief under Rule 60(b) "should be granted sparingly to avoid manifest injustice and only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017) (internal quotations omitted).  To succeed on a Rule 60(b) motion, "a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Deyoung v. On Habeas Corpus*, No. 1:12-cv-02042-JLT, 2013 WL 1876120, at *2 (E.D. Cal. May 3, 2013).

Plaintiff has not established that reconsideration is warranted here.  Although her Motion for Reconsideration establishes why she failed to object to the Findings and Recommendations, she has neither shown the Magistrate Judge committed error, provided new evidence that would change the Magistrate Judge's analysis, nor demonstrated any other reason for relief.  Notably, Plaintiff has still failed to provide proof she paid the required filing fee.  Accordingly, the Court declines to reconsider dismissal of this case.

## CONCLUSION

Plaintiff's Motions for Reconsideration (ECF Nos. 13, 14) are DENIED.

IT IS SO ORDERED.

Dated: **May 8, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – Jacques23cv2714.MotReconsideration